FILED
2024 Jun-12  AM 09:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION**

| | |
|---|---|
| **JUSTIN ALLEN McDANIEL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No.: _____** |
| ) | |
| **TARGET CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

_____

**COMPLAINT**
_____

## INTRODUCTION

1.     This is an action alleging race and color discrimination and retaliation in violation of 42 U.S.C. § 1981; race and color discrimination and sex discrimination in violation of Title VII of *The Civil Rights Act of 1964*, as amended, 42 U.S.C. §§ 2000e through 2000e-17 ("Title VII"); disability discrimination in violation of *The Americans with Disabilities Act of 1990*, as amended, 42 U.S.C. §§ 12101 through 12213 ("ADA"); and violation of the *Family Medical Leave Act* of 1993, 29 U.S.C. §§ 2601, et seq., ("FMLA").

2.     Plaintiff, Justin Allen McDaniel, seeks equitable relief, instatement, reinstatement and backpay, compensatory and punitive damages, attorneys' fees, and costs.

1

## JURISDICTION

3. This Court has jurisdiction in accordance with 28 U.S.C. § 1331, 1343, 2201, 2202, and 42 U.S.C. § 12133. Venue is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff has diligently sought to fulfill all conditions precedent to the institution of this action under Title VII and the ADA.

5. The unlawful employment practices alleged herein have been committed within the Northern District of Alabama, Northeastern Division.

## PARTIES

6. Plaintiff is a Caucasian, gay male citizen of the United States and a resident of Madison County, Alabama 35773.

7. Defendant, Target Corporation, is a foreign corporation with its headquarters located in Minneapolis, Minnesota and operating in Madison County, Alabama, within the Northern District of Alabama.

8. Target Corporation was and is an "employer," as that term is defined by Title VII, the ADA the FMLA.

## ADMINISTRATIVE PROCEEDINGS

9. Plaintiff timely filed his original charge of discrimination within one hundred and eighty days of the occurrence of the last discriminatory act. A copy of the Plaintiff's Charge of Discrimination is attached hereto as Exhibit "1."[1]

---

[1] Plaintiff filed a Charge of Discrimination (EEOC Charge No. 420-2024-02462) on April 4, 2024,

10.     Plaintiff filed an Amended Charge of Discrimination on June 22, 2023, a copy of which is attached hereto as Exhibit "2".

11.     On or about March 14, 2024, the United States Equal Opportunity Commission ("EEOC") issued Plaintiff a Notice of Right to Sue ("RTS"). A copy of Plaintiff's RTS letter is attached hereto as Exhibit "3."

12.     Plaintiff files this Complaint within ninety days of receiving his RTS letter.

## **FACTUAL ALLEGATIONS**

13.     Plaintiff is a white, gay male who became employed by Target Corporation at its Distribution Center in Madison, Alabama in or around September, 2021, as a warehouse worker.

14.     Plaintiff informed Defendant of his disability, chronic back pain as a result of a spinal fusion, and he was permitted to perform his job as a warehouse worker with accommodations for his disabilities at that time.

15.     In September, 2022, Plaintiff was granted intermittent FMLA leave due to chronic back pain resulting from a spinal fusion which resulted from Scheuermann's Disease.

---

which is still pending, in which he alleged disability discrimination and retaliation related to filing his original EEOC Charge.  This EEOC Charge is still in the investigatory stage and a Right to Sue Letter has not yet been issued.

3

16.     While employed in the warehouse worker position, Plaintiff applied for multiple other positions as a Senior Target Security Specialist ("TSS").

17.     Plaintiff applied for two different TSS positions in October, 2022, and one in December, 2022, for which he was not hired.

18.     Plaintiff was informed that he was not hired for the TSS positions and, upon information and belief, those positions were given to females who Plaintiff understood to be heterosexual and non-caucasian.

19.     Most recently, in February, 2023, Plaintiff applied for another TSS position for which he was not hired.

20.     Plaintiff found out on March 5, 2023, that he was not hired for the position.

21.     Plaintiff was told on or around April 22, 2023, that the position was given to a Black female whose name he does not know.

22.     Plaintiff met all of the job requirements for the TSS positions, but, upon information and belief, the female employees who were hired for the TSS positions were either not qualified or were less qualified than Plaintiff for the positions.

23.     Plaintiff was informed by another TSS, Chelayea Myers, who is Black, that Target management only wanted to fill the positions with minority females.

24.     Plaintiff believes that he has been denied all of the TSS positions for which he applied because of his race, color, sex and/or sexual orientation in violation

4

of Title VII of the Civil Rights Act of 1964, as amended.

25. Plaintiff was placed on leave as of April 13, 2023, after being asked to submit "accommodation paperwork" which he had previously submitted when he was hired and pursuant to which Plaintiff had been working since he became employed by Defendant.

26. The job requirements for the position had not changed at the time he was placed on leave.

27. Plaintiff was placed on leave in April, 2023, and not allowed to return to work because of his disability and/or because he was perceived as disabled despite his ability to perform the essential functions of his job with or without reasonable accommodations.

28. The action of placing Plaintiff on leave and not allowing his to return to his former position as a warehouse worker was in violation of the Americans with Disabilities Act.

29. Plaintiff was not permitted to return to his former position and discovered when he received a telephone call from the Alabama Unemployment Compensation Agency on March 13, 2024, that he had been terminated by Defendant effective September 1, 2024.

30. Plaintiff's termination was in retaliation for having made a complaint of race, color, disability and/or sex discrimination when he filed his April 27, 2023,

5

EEOC Charge and/or use of intermittent and long term FMLA leave.

31. As a result of Target's actions in denying Plaintiff the TSS positions, placing him on leave and/or terminating him, Plaintiff suffered extreme harm, including, but not limited to, severe financial hardship, and other benefits and conditions of employment.

32. Plaintiff suffered injury, including humiliation, mental anguish, and loss of enjoyment of life as a result of Target's discrimination.

### COUNT I – 42 U.S.C. § 1981 DISCRIMINATION

33. Paragraphs 1 through 24 and 29 through 32 are incorporated by reference and restated as if fully set out herein.

34. Target's conduct in denying Plaintiff the TSS positions for which he applied constituted disparate treatment and unlawful discrimination against Plaintiff because of his race and color in violation of § 42 U.S.C. § 1981.

35. Target's actions of discrimination against Plaintiff were intentional, performed with malice and/or with reckless disregard to Plaintiff's federally protected civil rights.

36. Plaintiff seeks instatement to a TSS position with Defendant and back pay and benefits retroactive to the date of the denial of the positions to him.

37. As a direct and proximate result of Target's violations of Plaintiff's federally protected civil rights, Plaintiff suffered and incurred substantial damages.

These damages include lost wages, lost employee benefits, lost raises, diminished earnings capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and other compensatory damages, in an amount to be determined by a jury and the Court.

38. Plaintiff further seeks punitive damages against Target for its willful and intentional violation of the law in such an amount which will punish it and deter others.

39. Target engaged in discrimination against Plaintiff on the basis of his race with malice or reckless indifference to Plaintiff's rights under 42 U.S.C. § 1981.

40. Target's conduct constituted unlawful discrimination against Plaintiff in terms, conditions, and privileges of employment on the basis of his race and/or color in violation of 42 U.S.C. § 1981.

41. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Target's violation of 42 U.S.C. § 1981.

## COUNT II – 42 U.S.C. § 1981 RETALIATION

42. Paragraphs 1 through 24 and 29 through 32 are incorporated by reference and restated as if fully set out herein.

43.    Target's conduct in terminating Plaintiff's employment constituted unlawful retaliation for making a claim of racially discriminatory treatment in his original EEOC Charge in violation of 42 U.S.C. § 1981.

44.    Target's actions of retaliation against Plaintiff were intentional, performed with malice and/or with reckless disregard to Plaintiff's federally protected civil rights.

45.    Plaintiff seeks instatement to a TSS position or reinstatement to his warehouse worker position with Defendant and back pay and benefits retroactive to the date of the denial of the positions to him and/or his being terminated.

46.    As a direct and proximate result of Target's violations of Plaintiff's federally protected civil rights, Plaintiff suffered and incurred substantial damages. These damages include lost wages, lost employee benefits, lost raises, diminished earnings capacity, lost career and business opportunities, litigation expenses including attorney fees, loss of reputation, humiliation, embarrassment, inconvenience, mental and emotional anguish, and other compensatory damages, in an amount to be determined by a jury and the Court.

47.    Plaintiff further seeks punitive damages against Target for its willful and intentional violation of the law in such an amount which will punish it and deter others.

48.    Target engaged in retaliation with malice or reckless indifference to Plaintiff's rights under 42 U.S.C. § 1981.

49.    Target's conduct constituted unlawful retaliation against Plaintiff in terms, conditions, and privileges of employment in violation of 42 U.S.C. § 1981.

50.    Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Target's violation of 42 U.S.C. § 1981.

## COUNT III – TITLE VII RACE AND COLOR DISCRIMINATION

51.    Paragraphs 1 through 24 and 29 through 32 are incorporated by reference and restated as if fully set out herein.

52.    Target's conduct in denying Plaintiff a TSS position constituted disparate treatment against Plaintiff because of his color and race in violation of Title VII.

53.    Target's discriminatory actions against Plaintiff were intentional and were performed with malice and/or done with reckless disregard to Plaintiff's federally protected civil rights under Title VII.

54.    As a direct and proximate consequence of Target's discriminatory conduct, Plaintiff suffered injuries and damages.

55.    Plaintiff seeks instatement to a TSS position with Defendant and back pay and benefits retroactive to the date of the denial of the positions to him.

56.    As a proximate consequence of Target's discriminatory actions,

Plaintiff lost wages, benefits, and other accrued emoluments associated with his employment, promotional opportunities and benefits; caused to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern.

57.    Plaintiff is entitled to an award of back pay, benefits, consequential, and compensatory damages against Target in an amount to be determined by the trier of fact.

58.    Plaintiff further seeks punitive damages against Target for its willful and intentional violation of the law in such an amount which will punish it and deter others.

59.    The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions and privileges of employment on the basis of his race and color in violation of Title VII.

60.    Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Target's violation of Title VII.

## <u>COUNT IV – TITLE VII SEX DISCRIMINATION</u>

61.    Paragraphs 1 through 24 and 29 through 32 are incorporated by reference and restated as if fully set out herein.

62.    Target's conduct in denying Plaintiff a TSS position constituted disparate treatment against Plaintiff because of his sex, male, and because he is gay, in violation of Title VII.

63.    Target's discriminatory actions against Plaintiff were intentional and were performed with malice and/or done with reckless disregard to Plaintiff's federally protected civil rights under Title VII.

64.    As a direct and proximate consequence of Target's discriminatory conduct, Plaintiff suffered injuries and damages.

65.    Plaintiff seeks instatement to a TSS position with Defendant and back pay and benefits retroactive to the date of the denial of the positions to him.

66.    As a proximate consequence of Target's discriminatory actions, Plaintiff lost wages, benefits, and other accrued emoluments associated with his employment, promotional opportunities and benefits; caused to suffer intense emotional distress, embarrassment, humiliation, anxiety and concern.

67.    Plaintiff is entitled to an award of back pay, benefits, consequential, and compensatory damages against Target in an amount to be determined by the trier of fact.

68.    Plaintiff further seeks punitive damages against Target for its willful and intentional violation of the law in such an amount which will punish it and deter others.

69.    The conduct described herein constituted unlawful discrimination against Plaintiff in terms, conditions and privileges of employment on the basis of his sex in violation of Title VII.

70. Plaintiff has and will continue in the future to suffer pecuniary losses as a direct result of Target's violation of Title VII.

## COUNT V – DISABILITY DISCRIMINATION – AMERICANS WITH DISABILITIES ACT

71. Paragraphs 1 through 15 and 25 through 32 are incorporated by references and restated as if fully set out herein.

72. In placing Plaintiff on leave and not allowing him to return to his position as a warehouse worker, Target intentionally discriminated against Plaintiff and has limited, segregated, and classified Plaintiff in a way which adversely affects his opportunities and status because of his disability and/or perceived disability.

73. Target has imposed rules and standards which are not consistent with business necessity.

74. These rules as applied have the effect of discriminating against Plaintiff on the basis of his disability, chronic back pain which is due to a spinal fusion as a result of Scheuermann's Disease, and perpetuate the discrimination of others employed by Target.

75. At the time he was placed on leave Plaintiff had been performing all the duties of his position and was unnecessarily placed on leave and required to provide additional medical documentation of his disability, which Plaintiff had previously provided and again provided.

76. Thereafter, Plaintiff was not allowed to return to his position and

remained on leave until he was terminated, despite the fact that he had been performing the essential functions of his position.

77.   Target discriminated against, coerced and interfered with Plaintiff because of his disability.

78.   Target, by its actions, has intentionally, maliciously and with reckless indifference discriminated against, coerced and interfered with Plaintiff because of his disability with regard to employment.

79.   As a result of Target's actions, Plaintiff has suffered extreme harm, including, but not limited to, loss of employment opportunities, denial of wages, compensation and other benefits and conditions of employment.   Additionally, plaintiff has suffered injury including pain, humiliation, mental anguish and suffering, and loss of enjoyment of life and other compensatory damages, in an amount to be determined by the Court.

80.   Plaintiff is entitled to an award of back pay, benefits, consequential, and compensatory damages against Target in an amount to be determined by the trier of fact.

81.   Plaintiff further seeks punitive damages against Target for its willful and intentional violation of the law in such an amount which will punish it and deter others.

## COUNT VI -INTERFERENCE WITH FMLA RIGHTS AND/OR RETALIATION UNDER THE FMLA

82.    Paragraphs 1 through 15 and 25 through 32 are incorporated by reference and restated as if fully set out herein.

83.    Defendant is a covered employer as defined under 29 U.S.C. § 2611(4)(A).

84.    Plaintiff is an eligible employee as defined under 29 U.S.C. § 2611(2)(A).

85.    Plaintiff's disabilities, including his chronic back pain caused by a spinal fusion resulting from Scheuermann's Disease, qualify as a serious medical condition under the FMLA, and required that he be allowed to utilize medical leave intermittently throughout his employment with Defendant.

86.    The Defendant had knowledge of Plaintiff's medical condition. Defendant had knowledge of Plaintiff's use of intermittent need for medical leave, as Plaintiff had been granted Plaintiff intermittent medical leave in September, 2022, and regular leave pursuant to the FMLA starting in April, 2023, when he was prohibited from returning to his position as a warehouse worker and was required by Defendant to utilize regular (non-intermittent) FMLA leave.

87.    Plaintiff was willfully terminated after utilizing intermittent medical leave and was denied the opportunity to return to his prior position at the end of his

14

regular FMLA leave.

88.    The Defendant's actions interfered with, restrained, retaliated against and/or denied the exercise of Plaintiff's right to job restoration under 29 U.S.C. § 2614 (1)(A) & (B).

89.    The defendant willfully interfered with, restrained, retaliated against, and/or denied the exercise of Plaintiff's right to job restoration in violation of 29 U.S.C. § 2615(a)(2).

90.    Plaintiff seeks instatement to a TSS position with Defendant and/or reinstatement to his position as a warehouse worker and back pay and benefits retroactive to the date of the denial of the positions to him.

91.    Plaintiff seeks equitable relief, instatement, reinstatement and backpay, compensatory and punitive damages, attorneys' fees, and costs.

## **PRAYER FOR RELIEF**

Plaintiff respectfully prays that this Court assume jurisdiction of this action and, after trial, grant the following relief:

(A)    issue a declaratory judgment that Target's employment policies, practices, procedures, conditions and customs, including the action taken against Plaintiff, violated Plaintiff's rights as secured by 42 U.S.C. § 1981, Title VII, and the ADA and the FMLA.

(B)    grant Plaintiff re-instatement into his prior position, or a position equivalent thereto and/or instatement into a TSS position.

(C)    issue a permanent injunction enjoining Target, its agents, successors, employees, attorneys and those acting in concert with Target, from continuing to violate Plaintiff's rights as well as those who are similarly situated pursuant to 42 U.S.C. § 1981, Title VII, the ADA and the FMLA.

(D)    award Plaintiff damages including back pay, front pay, benefits, nominal and compensatory damages, liquidated damages and punitive damages;

(E)    award Plaintiff reasonable costs, attorneys' fees, and expenses; and

(F)    award such other relief and benefits as the cause of justice may require.

Respectfully submitted this the 11th day of June, 2024.

Rebekah Keith McKinney (ASB-3137-T64J)
*Attorney for Plaintiff*
Watson McKinney, LLP
203 Greene Street
Huntsville, Alabama 35801
(256) 536-7423 telephone
(256) 536-2689 fax
mckinney@watsonmckinney.com

**DEFENDANT TO BE SERVED BY CERTIFIED MAIL:**

Target Corporation
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104